**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**


**BRIAN R. LEWIS
#10003-025,**

        **Petitioner,**

                                    **Case No. 17–cv–1029–DRH**

**vs.**

**DR. MARK, and
MRS. BELL,**

        **Respondents.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Brian Lewis, who is currently incarcerated in the Federal Correctional Institution in Marion, Illinois ("Marion"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). In the Petition, he requests a transfer to a residential re-entry center (*i.e.*, a halfway house) and claims, among other things, that he was deprived of due process when his approval for 12 months in a halfway house was rescinded. (Doc. 1).

The Court concludes that the Petition survives preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts.

## The Petition

In seeking an expedited transfer to a halfway house, Petitioner claims that he was approved to receive 12 months in a halfway house under the

Second Chance Act,[1] with August 1, 2017 as his tentative release date. (Doc. 1, pp. 7, 11). He was then transferred to another institution, where he claims the 12 months were taken away without due process, despite the fact that he "met the criteria for [the] full term allowed under the Act." (Doc. 1, p. 7). Petitioner also attempts to bring a defamation claim, a retaliation claim under the First Amendment, and a breach of contract claim. (Doc. 1, pp. 7-8).

## Discussion

Rule 4 of the Rules Governing Section 2254 cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas cases.

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a petitioner challenges the fact or duration of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *Graham v. Broglin*, 922 F.2d 379, 380-81 (7th Cir. 1991). A § 2241 petition is also appropriate if a prisoner seeks release from custody because his custody violates the Constitution or federal laws. *Collins v. Holinka*, 510 F.3d 666, 667 (7th Cir. 2007). In this case,

---

[1] The Second Chance Act permits the Bureau of Prisons to consider placing inmates nearing the end of their sentences in pre-release community confinement. *See* 18 U.S.C. § 3624(c). This may include placement in a community correctional facility, such as a halfway house, or in home detention. 18 U.S.C. § 3624(c)(1), (2); 28 C.F.R. § 570.20.

Petitioner seeks what he presumably believes to be a quantum change in confinement, halfway house placement or, in the alternative, home confinement. If a prisoner seeks a "quantum change in the level of custody," such as release from prison, then a habeas petition is the appropriate vehicle; however, if release is actually unavailable, then a civil rights action is appropriate and the habeas petition must be dismissed on its merits, albeit without prejudice to the claim being brought in a civil rights action. *See Glaus v. Anderson*, 408 F.3d 382, 387-89 (7th Cir. 2005).

Here, outright release is not an option. In fact, Petitioner does not even request release. Rather, he seeks a transfer to a halfway house. This would appear to be more like the challenges to requests for work release, transfer between prisons, or changes in housing quarters that have been held to constitute civil rights actions as opposed to habeas corpus proceedings. *Pischke v. Litscher*, 178 F.3d 497,499 (7th Cir. 1999); *Falcon v. U.S. BOP*, 52 F.3d 137, 138 (7th Cir. 1995); *Adams v. Beldsoe*, 173 F. App'x 483, 484 (7th Cir. 2006).

However, there is some disagreement among the district courts in the Seventh Circuit as to whether a habeas corpus petition is the proper vehicle to make a claim regarding halfway house placement. *See Woolridge v. Cross*, 2014 WL 4799893 (S.D. Ill. Sept. 26, 2014) (finding that claim must be brought pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971)); *Stokes v. Cross*, 2014 WL 503934, at *2 (S.D. Ill. Feb. 2014) (same); *Moody v. Rios*, 2013 WL 5236747 (C.D. Ill. Sept. 17, 2013) (finding that halfway house

placement can be addressed under § 2241); *Feazell v. Sherrod*, 2010 WL 5174355 (S.D. Ill. Dec. 16, 2010) (same); *Pence v. Holikna*, 2009 WL 3241874 (W.D. Wis. Sept. 29, 2009) (same).

Given this uncertainty in the law and the allegations in the Petition, it does not plainly appear that the Petitioner is not entitled to relief in this action. However, Petitioner's retaliation, defamation, and breach of contract claims will be dismissed from this action, as they do not challenge the fact or duration of Petitioner's confinement and are clearly more appropriate claims for a civil rights action.

## Proper Respondent

Petitioner has not named the proper respondent in this habeas action. In a habeas corpus proceeding, an individual respondent who has the authority to bring the petitioner before the Court must be named. This individual is the prisoner's custodian, *i.e.*, the warden of the prison where the inmate is confined. *See Rumsfeld v. Padilla*, 542 U.S. 426, 442, 447 (2004); *Kholyavskiy v. Achim*, 443 F.3d 946, 948-49 (7th Cir. 2006). The Court will therefore dismiss the named defendants and add the Warden of Marion as a defendant in this action.

## Pending Motion

Petitioner's Motion to Expedite (Doc. 8) is hereby **GRANTED**.

## Disposition

**IT IS HEREBY ORDERED** that Respondents **MARK** and **BELL** are **DISMISSED** from this action without prejudice to Petitioner bringing a lawsuit

pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) against them. The Clerk is **DIRECTED** to **ADD** the **WARDEN OF MARION** as the Respondent in this action.

**IT IS FURTHER ORDERED** that, to the extent Petitioner seeks to bring claims for retaliation under the First Amendment, breach of contract, and/or defamation in this action, these claims are **DISMISSED** from this action without prejudice to Petitioner bringing a lawsuit pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) on these issues.

**IT IS FURTHER ORDERED** that Respondent **WARDEN OF MARION** shall answer the Petition or otherwise plead within thirty (30) days of the date this order is entered (on or before December 29, 2017).[2] This preliminary order to respond does not, of course, preclude the government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause, including Petitioner's Motion to Appoint Counsel (Doc. 6) and Motion for Discovery Material (Doc. 8) is **REFERRED** to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings **which shall be expedited**.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local

---

[2] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only.

Rule 72.2(b)(2) and 28 U.S.C. § 636(c), should all the parties consent to such a referral.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Judge Herndon
2017.11.29
13:25:36 -06'00'

**UNITED STATES DISTRICT JUDGE**