IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BRIAN R. LEWIS, )
)
          Petitioner, )
)
vs. ) Civil No. 17-cv-1029-CJP[1]
)
WARDEN of MARION, )
)
          Respondent. )

**MEMORANDUM and ORDER**

**PROUD, Magistrate Judge:**

This matter is now before the Court on Brian R. Lewis' petition for habeas relief pursuant to 28 U.S.C. § 2241, Doc.1.

Petitioner Brian R. Lewis is an inmate in the BOP, now assigned to Marion USP. His current projected release date is September 12, 2018, via good conduct credit. Doc. 21, Ex. 1, p. 7.[2] The petition alleges that Lewis was approved for twelve months of placement in a residential reentry center ("RRC") while he was assigned to FCI Elkton. He was then transferred to FCI Pekin, where that approval "was taken without due process." As will be seen, that is not an accurate description of what happened.

The Second Chance Act, 18 U.S.C. § 3624(c), provides:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such

---

[1] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. §636(c). See, Doc. 25.
[2] The Court uses the document, exhibit and page numbers assigned by the CM/ECF system.

1

conditions may include a community correctional facility.

This Court seriously doubts whether a habeas petition under § 2241 is the correct vehicle for bringing a claim alleging entitlement to RRC placement under § 3624(c). A petition for a writ of habeas corpus is the proper route "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody-whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). If, however, the prisoner "is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of confinement and his remedy is under civil rights law." *Id.* Regardless, as suggested in *Graham*, the Court will address the merits of petitioner's claim. *Id.*

Petitioner's case was allowed to proceed beyond the preliminary review stage based on his allegation that his approval for twelve months placement in a residential reentry center was revoked without due process. However, the declaration and documents attached to the response, Doc. 21, make it clear that Lewis was not, in fact, approved for twelve months placement in a residential reentry center.

The declaration of Steven Thomas, who is employed by the BOP as a Residential Reentry Specialist, establishes that a Unit Team at an inmate's institution makes a recommendation regarding RRC placement. The recommendation is then considered by the Residential Reentry Manager's office; it

is the Residential Reentry Manager's office which makes the decision about RRC placement. Here, petitioner's Unit Team at FCI Elkton recommended 360 days of RRC placement. However, that recommendation was not followed. Rather, the Residential Reentry Manager's office determined that 180 days was appropriate, which would mean placement in an RRC as of March 1, 2018. Doc. 21, Ex. 1, pp. 1-3.

Lewis was transferred from Elkton to Pekin to participate in a residential drug abuse treatment program ("RDAP"). A component of the RDAP program is completed in the community, referred to as the "Community Transitional Drug Abuse Treatment Program." Staff at Pekin requested that Lewis' RRC placement date be moved up from March 2018 to December 2017 so that he would have enough time to complete the community-based drug abuse treatment program while residing in an RRC. The Residential Reentry Manager's office complied with this request. However, Lewis was expelled from the RDAP program for noncompliance, which negated the reason for the December 2017 placement date. He was then transferred to Marion. Doc. 21, Ex. 1, pp. 3-4.

Because the prior recommendation for RRC placement had been premised on petitioner's successful completion of the RDAP program, the Residential Reentry Manager's office requested a new recommendation regarding RRC placement. The Unit Team at Marion recommended a placement date of December 5, 2017. That recommendation was considered and rejected. The Residential Reentry Manager's office determined that 179 days was appropriate,

resulting in a placement date of March 5, 2018.[3]  Doc. 21, Ex. 1, pp. 4-6.

Based on the foregoing facts, it is clear that the initial premise of the petition was incorrect.  Lewis was not approved for twelve months of RRC placement while he was assigned to Pekin.  Rather, the Unit Team at Pekin recommended twelve months, but he was approved for 180 days.

By its terms, § 3624(c) does not give an inmate a legally-enforceable right to placement in an RRC at all, and it certainly does not confer a right to a specific period of time in an RRC.  It is unnecessary to decide whether an inmate acquires a right not to have an approved RRC placement changed without some level of due process because that is clearly not what happened here.  Rather, the Pekin Unit Team's recommendation for twelve months was not approved.

Brian R. Lewis' petition for habeas relief pursuant to 28 U.S.C. § 2241, Doc.1, is **DENIED**.

The Clerk of Court shall enter judgment in favor of respondent.

**IT IS SO ORDERED.**

**DATE: February 8, 2018.**

s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] As things stand now, Lewis will serve a few more days in an RRC because 15 days of good conduct time have been revoked, but his RRC placement date remains March 5, 2018.

**Notice**

If petitioner wishes to appeal the denial of his petition, he may file a notice of appeal with this court within sixty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(B). A motion for leave to appeal in forma pauperis should set forth the issues petitioner plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C).

Petitioner is further advised that a motion to alter or amend the judgment filed pursuant to Federal Rule of Civil Procedure 59(e) must be filed no later than 28 days after the entry of the judgment—a deadline that cannot be extended. A proper and timely Rule 59(e) motion may toll the 60-day appeal deadline. Other motions, including a Rule 60 motion for relief from a final judgment, order, or proceeding, do not toll the deadline for an appeal.

It is not necessary for petitioner to obtain a certificate of appealability from this disposition of his §2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).